THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00191-MR

| | |
|---|---|
| MARK ALAN VOLRATH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Receive New and Material Evidence and Remand Case [Doc. 12]; the Plaintiff's Motion for Summary Judgment [Doc. 14]; the Defendant's Motion for Summary Judgment [Doc. 16]; and the parties' supplemental briefs addressing Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) [Docs. 20, 21].

**I.    PROCEDURAL HISTORY**

On February 23, 2012, the Plaintiff Mark Alan Volrath protectively filed applications for a period of disability and disability insurance benefits under Title II, and supplemental security income under Title XVI, alleging an onset date of July 21, 2011. [Transcript ("T.") 15, 156, 161]. The Plaintiff's claim was denied initially and on reconsideration. [T. 105, 116, 120]. Upon the

Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on July 29, 2013. [T. 34]. On August 13, 2013, the ALJ issued a decision denying the Plaintiff benefits. [T. 24-25]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 1-5]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the Commissioner of any Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be

2

established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the

3

impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience.  Id.  Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past.  If the claimant can still perform that work, then a finding of not disabled is mandated.  Id.  Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work.  If so, then the claimant is not disabled.  Id.  In this case, the ALJ's determination was made at the fifth step.

## IV. THE ALJ'S DECISION

In denying the Plaintiff's claim, the ALJ found that the Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014, and that he has not engaged in substantial gainful activity since the alleged onset date. [T. 17].  The ALJ then found that the medical evidence established that the Plaintiff has the following severe impairments: coronary artery disease with stenting, hypertension, pancreatitis, lumbar degenerative disease, allergic rhinitis, a depressive/mood disorder, and a

4

personality disorder. [T. 17-19]. The ALJ determined that none of Plaintiff's impairments, either singly or in combination, met or equaled a listing. [T. 19-20]. The ALJ then assessed the Plaintiff's residual functional capacity (RFC) [T. 20-23], finding that the Plaintiff had the ability to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> [O]ccasional postural; no climbing ropes, ladders, or scaffolds; avoiding concentrated exposure to hazards, vibrations, fumes, and other respiratory irritants; and limited to simple, unskilled work with occasional contact with supervisors, coworkers, and the public.

[T. 20]. He then determined that the Plaintiff was unable to perform any of his past relevant work. [T. 23]. Considering the Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there were jobs that existed in significant numbers in the national economy that the Plaintiff could perform. [T. 23-24]. He therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from the alleged onset date through the date of his decision. [T. 24].

## V. DISCUSSION

Residual functional capacity (RFC) is an administrative assessment by the Commissioner of what a claimant can still do despite his or her physical or mental limitations. SSR 96–8p, 1996 WL 374184, at *1 (Jul. 2, 1996); 20

5

C.F.R. §§ 404.1546(c); 404.943(c). In assessing a claimant's RFC, the ALJ must consider all of the claimant's medically determinable impairments, including those non-severe impairments, after considering all of the relevant evidence in the record. 20 C.F.R. § 404.1545(a). In determining a claimant's RFC, the ALJ must first identify the claimant's functional limitations or restrictions and then assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8p, 1996 WL 374184, at *1. The ALJ also must include a narrative discussion detailing how the evidence in the record supports the RFC assessment. Id., 1996 WL 374184, at *7.

Here, the ALJ found that the Plaintiff had moderate limitations in activities of daily living, moderate limitations in social functioning, and moderate limitations in concentration, persistence, or pace. [T. 22]. Based on these and other specified limitations, the ALJ posed the following hypothetical to the vocational expert (VE):

> Let's assume . . . that we have basically the same person, same age, same educational level, same work experience [as the Plaintiff]. Assume this person could do light work, occasional postural; no ropes, ladders, scaffolds; avoid concentrated exposure to hazards and to vibrations, and concentrated exposure to fumes and other respiratory irritants; *limited to simple, unskilled work*; occasional contact, coworkers, supervisors, and public. Would there be jobs?

6

[Doc. 8-3 at 45] (emphasis added).  In response, the VE identified a number of jobs that were classified as "light, routine, repetitive tasks, [and] unskilled." [Id.].

The hypothetical posed by the ALJ to the VE fails to adequately account for the Plaintiff's identified limitations.  The Fourth Circuit recently has held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'"  Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015) (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)).  Because "the ability to perform simple tasks differs from the ability *to stay on task*," Mascio, 708 F.3d at 638 (emphasis added), an RFC limited to simple, routine tasks or unskilled work fails to adequately account for moderate limitations in concentration, persistence, and pace.

As the Fourth Circuit noted in Mascio, it is possible that the ALJ can explain why the Plaintiff's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in RFC; however, "because the ALJ here gave no explanation, a remand is in order."  Id.; see also Reinhardt v. Colvin, No. 3:14-cv-00488-MOC, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015) ("While the court agrees with the Commissioner's argument that the fact that the ALJ found mild limitations in the paragraph B

7

criteria does not necessarily translate to a work-related functional limitation, Mascio clearly imposes on the Commissioner a duty to explain why such mild mental health impairments found at step two do not translate into work-related limitations when plaintiff's RFC for work is considered.").[1]

# O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 16] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 14] is **GRANTED** to the extent that the Plaintiff seeks reversal of the Commissioner's decision denying her disability benefits. To the extent that the Plaintiff seeks an immediate award of benefits, the Plaintiff's Motion [Doc. 14] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Receive New and Material Evidence and Remand Case [Doc. 12] is **DENIED AS MOOT**.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED**

---

[1] Because the Court has concluded that remand is appropriate on this issue, the Court need not address the Plaintiff's other arguments in support of remand or his motion to receive new and material evidence.

and this case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: September 7, 2015

Martin Reidinger
United States District Judge